IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria, Virginia

| | | |
|---|---|---|
| **Bernard J. Carl,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff**, | ) | |
| | ) | |
| **v.** | ) | Civil Action No. 1:07cv1128 |
| | ) | |
| **BernardJCarl.com**, *et al.*, | ) | |
| | ) | |
| **Defendants**. | ) | |
| | ) | |

## REPORT AND RECOMMENDATION

This matter is before the court on plaintiff's Motion for Default Judgment against defendants (docket no. 8).

Plaintiff alleges five counts in his amended complaint:(1) false description and false designation of origin; (2) common law trademark and trade name infringement, unfair competition, and misappropriation; (3) cybersquatting; (4) cyberpiracy; and (5) libel.

Upon consideration of the amended complaint, plaintiff's memorandum in support of the motion for default judgment, and supporting affidavits, the magistrate judge makes findings as follows and recommends that the court (a) not enter default judgment and (b) dismiss counts three and four and (c) consider whether to transfer this action to the District for the District of Columbia or to dismiss counts one, two, and five.

### The Parties

Plaintiff is an individual residing in Washington, D.C.  The *in rem* property involved in this case consists of the domain name <BernardJCarl.com> (the "Domain Name").  Defendant Fabrice Marchisio is an individual and citizen of France.  Defendant Cotty Vivant Marchisio & Lauzeral ("CVM&L") is a French law firm in which defendant Marchisio is a partner (collectively with defendant Marchisio, "defendants").

## The Underlying Facts

The record reflects the following well pled facts.  This action stems from a payment dispute between plaintiff and defendants.  Defendants attempted to secure payment from plaintiff by filing a claim in France, but the court there denied defendants' claim.  In an attempt to secure payment through other means, in February 2007, defendant Marchisio, acting on behalf of his law firm, defendant CVM&L, knowingly provided false information to, and registered the Domain Name with, the registrar.  Defendants posted a page on that website, which contains false and misleading statements that plaintiff failed to pay his debts (docket no. 3, Exh. 2).  Defendants knew that they were registering a domain name identical to plaintiff's name and intended to confuse the public.

## Interested Parties

The "WhoIS" information for the Domain Name indicates that Network Solutions, LLC is the registrar of the Domain Name (the "Registrar").  Network Solutions, LLC is a Delaware corporation authorized to transact business in the Commonwealth of Virginia, with its principal place of business in the Commonwealth of Virginia.  The current registrant of the Domain Name is Defendant Marchisio (the "Registrant").[1]

## Jurisdiction

This court appears to have subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332, and 1338, and 15 U.S.C. §§ 1125, and supplemental jurisdiction under 28 U.S.C. § 1367. However, as discussed below, the two "cyber" counts will not or cannot go forward, and the magistrate judge finds that this court does not have personal jurisdiction over defendants Marchisio and  CVM&L on the counts for which personal jurisdiction is necessary.

## Procedural Posture

On October 25, 2007, notice was sent to the email address of "Private Registrants"of the Domain Name of their violations of plaintiff's rights and the intent to proceed with this action.

---

[1]Defendant Marchisio registered the Domain Name under the name, "Benjamin Franklin."  However, plaintiff determined that Defendant Marchisio is the Registrant based on the credit card he used to pay for the account.

2

On November 28, 2007, the registrar, in response to a subpoena, provided documents from which plaintiff identified defendant Marchisio as the registrant, and subsequently disabled the website.

Plaintiff filed his amended complaint on December 13, 2007. On February 28, 2008, Mr. Cotty called counsel for plaintiff and confirmed that he is a partner at defendant CVM&L. Mr. Cotty refused to say whether he or his firm had been served with plaintiff's first amended complaint, but did acknowledge that he was aware of the litigation and aware that defendant Marchisio had registered the domain name because defendant CVM&L believed it was the only way left for them to get "satisfaction" on their claim against plaintiff.

On April 2, 2008, plaintiff secured service, pursuant to the Hague Convention, through the Associated Bailiffs at the Civil Court of Paris, 40 Rue de Monceau, 75008 Paris.

Defendants have failed to respond to plaintiff's amended complaint. Therefore, the clerk entered default against defendants.

### Counts Three and Four

Plaintiff alleges five counts in his amended complaint:(1) false description and false designation of origin; (2) common law trademark and trade name infringement, unfair competition, and misappropriation; (3) cybersquatting; (4) cyberpiracy; and (5) libel.

As to count three, plaintiff's counsel has represented to the court that because the Registrar disabled the website, plaintiff is no longer seeking the transfer of the domain name pursuant to 15 U.S.C.A. § 1117(a). Count three should therefore be dismissed.

Count four, alleging cyberpiracy, might be pursued in this court under 15 U.S.C. § 1125(d) without personal jurisdictioon over defendants. However, the magistrate judge finds that plaintiff has not alleged facts that would constitute cyberpiracy by defendants under 15 U.S.C. § 1129. Plaintiff alleges that defendants sought to profit by using the Domain Name to extort plaintiff into paying defendants. However, the reach of 15 U.S.C. § 1129(1)(a) does not extend to this type of intention to profit. It applies only to one "who registers a domain name that consists of the name of another living person . . . without that person's consent, with the specific intent to profit from such

3

name by selling the domain name for financial gain to that person or any third party, shall be liable in a civil action by such person.". *Id.*  Plaintiff's allegations do not describe such conduct, and Count four should therefore be dismissed.

### Lack of Personal Jurisdiction

Pursuit by plaintiff of counts one, two, and five requires that this court have personal jurisdiction over defendants, which is absent in the magistrate judge's view.

In *Heathmount A.E. Corp. v. Technodome.Com*, 106 F. Supp. 2d 860, 864 (E.D. Va. 2000), this court held that the act of registration of a domain name with Network Solutions, Inc. was insufficient to secure personal jurisdiction over a domain name registrant.  Moreover, district courts considering this issue have typically "requir[ed] that personal jurisdiction be based on 'something more' to demonstrate that the registrant has directed his activities toward the forum state." *Id.* at 866 and cases there cited.

In *Heathmount*, Judge Cacheris also  said, in dictum, that if the registrar of a domain name had used servers located in Virginia to "park" the names, i.e. store their identifying data, personal jurisdiction might attach (assuming, as he doubted, that this satisfied the "transacting business" requirement of the Virginia long-arm statute).  Seizing on this concept, plaintiff argues that this court has personal jurisdiction over these French defendants on the assumption that Network Solutions, Inc.'s servers are in Virginia.

However, plaintiff's own document, Exhibit A to the amended complaint, suggests that the relevant servers are actually located in Ontario, Canada.  At the least, plaintiff has not carried his burden on this issue.  Virginia's only contact with this matter therefore appears to be the office location for Network Solutions, Inc., which *Heathmount*  holds to be insufficient to establish personal jurisdiction .[2]

---

[2]According to a representative of Network Solutions, LLC, the servers are almost certainly physically located in Canada.

4

The magistrate judge therefore finds no basis for a holding that this court has personal jurisdiction over French defendants being sued by a resident of the District of Columbia.

## Disposition

The question remains whether this action, i.e. the remaining counts one, two, and five, should be dismissed or transferred to the District of the District of Columbia "in the interest of justice." 28 U.S.C. § 1406(a). *See Goldlawr, Inc. v. Heiman et al.,* 369 U.S. 463 (1962).   The magistrate judge views that issue as beyond the scope of this report and recommendation, but ripe for decision by the district judge.

## Recommendation

The magistrate judge recommends that counts three and four of the amended complaint be dismissed, and that counts one, two, and five be either dismissed or transferred.

## Notice

By means of the court's electronic filing system, and by mailing a copy of this report and recommendation to the defendants at their service address, the parties are notified as follows. Objections to this report and recommendation must be filed within ten (10) days of service on you of this report and recommendation.  A failure to file timely objections to this report and recommendation waives appellate review of the substance of the report and recommendation and waives appellate review of a judgment based on this report and recommendation.

/s/
Thomas Rawles Jones, Jr.
United States Magistrate Judge

October 29, 2008
Alexandria, Virginia

5